Loring, J.,
delivered the opinion of the Court.
In this case most of the testimony offered by the petitioners was objected to by the defendants, and we think all the testimony to the *136 68th page of the record inadmissible; and that the residue of the testimony fails to prove the case alleged in the petition.
And if we err in this, we are of opinion that the case alleged, if proved, would not entitle the petitioners to judgment.
The material facts alleged are that on the 26th of January, 1796, the legislature of the State of Georgia passed an act under which the governor of the State made a sale and grant of a tract of land lying between the Mississippi and Tombigbee rivers, then in that part of the State of Georgia which is now within the limits of the State of Mississippi, to certain persons associated under the name of the Georgia Mississippi Company.
This company, on the 26th January, 1796, contracted with certain persons in New England to sell to them the land in question, containing eleven million three hundred and eighty thousand acres, at the rate of ten cents per acre. The terms of the contract were that two cents per acre should be paid, and the deed conveying the land should be delivered on the first day of May, 1796, and for the residue of the purchase the indorsed notes of the individual purchasers should be given, payable at different times, the last payment to be on the 1st of May, 1799. This agreement was carried into effect, the cash was paid, the deed was delivered, and the notes were given. '
The purchasers formed a company under the name of the New England Mississippi Land Company, and they conveyed the land to trustees or directors who were to manage it for the benefit of the company ; and they issued shares of scrip to the members according to their respective interest, which shares were transferable by indorsement. This company are the petitioners here.
On the 13th of February, 1796, the legislature of Georgia, on the ground that the act under which the grant to the Georgia Mississippi Company had been made was fraudulently obtained, repealed it, and most of the members of that company (three-fourths) surrendered their interests in it to the State of Georgia, and received from it their proportion of the price paid by the. company to the State for its grant. The other members of the company (one-fourth) retained their interest in it.
In 1798 Congress sought to organize the Mississippi Territory, and then and afterwards acts were passed for the purpose, under which the State of Georgia ceded the lands and all the interests the State derived from the members of the Georgia Mississippi Company to the United States, and a portion of the ceded territory, or its value, was *137 to be applied by the United States to satisfying certain claims outstanding.
On tbe 31st March. 1814, Congress passed an act entitled “ An act providing for the indemnification of certain claimants of public lands in the Mississippi Territory,” by which all claimants were to release their lands for the indemnity specified; and commissioners were appointed to determine the sufficiency of the releases made, and “ to adjudge and finally determine upon all controversies arising from such claims so released as aforesaid which may be found in conflict with and be adverse to each other; and also to adjudge and determine all such claims under the aforesaid act or pretended act of the- State of Georgia, as may be found to have accrued to the United States by operation of law; ” and the act appropriated “ to the persons claiming in the name of or under the Georgia Mississippi Company,” one million five hundred and fifty thousand dollars.
The petitioners released their claims under the grant from the Georgia Mississippi Company and claimed the whole of the sum above specified, but the commissioners awarded them only $1,419,575, and withheld $130,425, on the ground that certain of the notes given in payment to the Georgia Mississippi Company had not been paid, and for their amount that company had as vendors a lien upon the land sold, and, consequently, on the fund appropriated for it. And of the $130,425, they awarded $35,022 to individuals of the Georgia Mississippi Company who had released directly to the United States, and the residue ($95,403) they ordered to remain in the treasury of the United States, which represented (they said) the owners of the notes who had surrendered as above stated to the State of Georgia, and whose interest under the cession from Georgia had accrued to the United States by “ operation of law.”
The New England Mississippi Land Company distributed the money they had received among their members in proportion to their interests, except that they excluded the holders of the scrip issued to those of their members who had failed to pay their notes. The scripholders thus excluded then sued the company, and the Supreme Court of the United States decided that the title conveyed by the Georgia Mississippi Company to the petitioners was not an equitable, but a legal title, and not subject to the lien allowed by the commissioners, but vested absolutely in the New England Mississippi Land Company, so that the holders of its scrip were entitled to their proportion of the money received by the award of the commissioners.
Mr. R. H. Gillet and Mr. J. I). McPherson for the claimants.
Mr. J. A. Bingham, United States Solicitor, and Mr. J. J. Weed, Assistant Solicitor, for the government.
On this state of facts the petitioners claim that, as by the decision of the Supreme Court the commissioners were not authorized to deduct the #130,425 from the sum of #1,550,000 appropriated by the act to the interests they held, and which they released to the United States, they are entitled to demand and receive from the United States the amount so withheld.
We think the answer to this claim was made at the bar, viz : that the money is held under the award of a tribunal specially clothed with jurisdiction of the subject-matter, and from whose decision there is no appeal here. In legal effect it is money paid under a judgment, and this petition is in the nature of an action of assumpsit to recover it back, and such an action is not maintainable, because a judgment cannot be set aside in that way.
Secondly, the petitioners claim that the United States are bound in equity to contribute to the expenses to which the petitioners have been subjected in' paying to the plaintiffs in the suits in the United States courts the sums decided to be due to them as scripholders, as well as the costs the petitioners have sustained, because the United States claimed to be representatives of -the New England Mississippi Land Company’s scrip, and as such should bear their proportion of the loss.
But the United States did not claim to stand as representative of the New England Mississippi Land Company’s scrip. On the contrary, they were held to represent the unpaid notes given to the Georgia Mississippi Company for the land, and on account of which the #130,425 were withheld. And in the cases in the Supreme Court the New England Mississippi Land Company were held liable for the erroneous distribution they had made among their own scripholders of the money they had received under the award of the commissioners. And with this erroneous distribution the United States had nothing to do, nor are they in any way liable 'for it. They received no part of the money erroneously distributed.
It is stated in the petition that subsequently to the award forty thousand dollars were paid on said unpaid notes, but no evidence of this was given, nor was any claim rested on it.
On the whole case we consider that judgment should be entered for the defendants.